| | |
|---|---|
| 1 | WASHOE COUNTY<br>DISTRICT ATTORNEY'S OFFICE |
| 2 | |
| 3 | MARY KANDARAS<br>Deputy District Attorney<br>California State Bar Number 153994 |
| 4 | P.O. Box 11130<br>Reno, NV  89520-0027 |
| 5 | (775) 337-5700 |
| 6 | ATTORNEY FOR RICHARD GAMMICK |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

\* \* \*

| | | |
|---|---|---|
| JUDY ANN MIKOVITS, | ) | |
| Plaintiff, | ) | Case No.  2:14-cv-08909-SVW-PLA |
| vs. | ) | |
| | ) | **POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| ADAM GARCIA, JAMIE MCGUIRE, RICHARD GAMMICK, GEOFF DEAN, THREE UNIDENTIFIED VENTURA COUNTY DEPUTY SHERIFFS, F. HARVEY WHITTEMORE, ANNETTE F. WHITTEMORE, CARLIE WEST KINNE, WHITTEMORE-PETERSON INSTITUTE, a Nevada Corporation, UNEVX INC., a Nevada Corporation, MICHAEL HILLERBY, KENNETH HUNTER, GREG PARI, and VINCENT LOMBARDI, | ) | Hearing Date: May 4, 2015<br>Time: 1:30 p.m.<br>Judge: Stephen V. Wilson |
| Defendants. | ) | |

Defendant Richard Gammick, District Attorney of Washoe County, retired, by and through counsel Mary Kandaras, Deputy District Attorney, moves this Court to dismiss the complaint (#1)[1] based upon its failure to state a claim upon which relief can be granted.  In the alternative, defendant District Attorney

---

[1] Refers to the Court's docket numbers.

1 Gammick seeks transfer of venue to the District of Nevada because there is no
2 personal jurisdiction over him.
3     This motion is made pursuant to the Federal Rules of Civil Procedure, and is
4 based on the following Memorandum of Points and Authorities and all pleadings
5 and papers on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    CASE BACKGROUND

Plaintiff Judy Anne Mikovits, ("plaintiff"), *pro se,* brings this action pursuant to 42 U.S.C. §1983 alleging that the Washoe County District Attorney ("D.A. Gammick") violated her Fourth Amendment right to be free of unreasonable search and seizure and her Fourteenth Amendment right to due process. (#1, Counts 1 and 2). Plaintiff also alleged fraud. (#1, Count 3). Plaintiff's allegations arise from her termination as a researcher with the Whittemore-Peterson Institute (WPI), located in Reno, Nevada, and subsequent arrest which alleged that she stole propriety information from the research facility. (#1, ¶23, ¶30, ¶35).  On November 18, 2011, plaintiff was arrested in Ventura County and certain items were removed from the premises (#1, ¶31, ¶32, ¶33).

### A.  Plaintiff's Factual Allegations

In Count 1, plaintiff alleged that a "defective warrant was obtained and issued based on misrepresentations made by the Whittemore Principals, Lombardi and Hillerby and the active collusion of D.A. Gammick in conspiracy with Mr. Whittemore."  (#1 ¶34).  Plaintiff alleged she was arrested on November 18, 2011and detained until a hearing on November 22, 2011. (#1 ¶31, ¶38).

In Count 2, plaintiff alleged that a warrant issued out of the Ventura Superior Court was the result of "the factual and legal misrepresentations made by the Whittemore Principals, Lombardi, and Hillerby with the active collusion of

D.A. Gammick." (Id. ¶43).  Plaintiff further alleged that D.A. Gammick "conspired with the Whittemore principals by failing to inquire and failing to exercise good judgment, as a law enforcement official regarding the basis for the enforcement actions sought, for purposes of retaliation rather than justice; or he willfully disregarded it on the basis of his relationship with Mr. Whittemore." (#1, ¶43).

In Count 3, plaintiff alleged that D.A. Gammick conspired to defraud plaintiff by "relying on fraudulent forged documentation, which was facially apparent from a cursory examination of the document."  Plaintiff alleged that D.A. Gammick failed to inquire or exercise good judgment, as a law enforcement official, regarding the evidence of any colorable claim. (#1, ¶45 and 47).

**B. Facts of which the Court may take Judicial Notice.**

On November 17, 2011, plaintiff was charged with the crimes of possession of stolen property and unlawful taking of computer data, both felonies, by way of criminal complaint filed in the Reno Justice Court, Washoe County, Nevada. (Exhibit 1).  These crimes occurred in Reno, Nevada. (Exhibit 1).  University of Nevada Reno Police Department officer James McGuire swore out an affidavit in support of complaint and warrant of arrest, which was signed by the justice of the peace. (Exhibit 2).  A search warrant issued out of Ventura County based on the probable cause statement of Todd Hourigan, a City of Ventura police officer. (Exhibit 3).  On June 11, 2012, the criminal case was dismissed without prejudice. (Exhibit 4).

## II. COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A. Legal Standard for Failure to State a Claim

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under

a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990).  Further, with respect to plaintiff's pleading burden, the Supreme Court recently held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir.2008) ("To survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.' " (citing *Twombly*, 550 U.S. at 570)).  When a plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir.1988).  Finally, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1989).

     Plaintiff's complaint fails to provide sufficient facts under a cognizable legal theory.  The allegations against D.A. Gammick are conclusory and speculative. Plaintiff alleged that D.A. Gammick "actively colluded" or "conspired" to obtain a "defective warrant." (#1 ¶34, ¶43).  Plaintiff alleged that D.A. Gammick failed to exercise good judgment and deliberately misused the legal process. (#1 ¶43, ¶44). Plaintiff does not allege specific misconduct or facts.  In fact, plaintiff's allegations that arrest and search warrants were secured belies claims of misuse of the legal process.  Upon application of defenses, it is clear that plaintiff's complaint lacks of a cognizable legal theory.

**B.  Judicial Notice of Certain Facts**

Pursuant to Fed.R.Evid. 201, the Court may take judicial notice of an "adjudicative fact" that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Further, in deciding a motion to dismiss, this Court may take judicial notice of matters of public record without converting a motion made pursuant to Rule 12(b)(6) into one for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir.2001) (on a motion to dismiss, a court may take judicial notice of undisputed matters of public record); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988) (for purposes of a motion to dismiss, it is proper for a district court to "take judicial notice of matters of public record outside the pleadings"); *Mack v. South Bay Beer Distributors, Inc.*., 798 F.2d 1279, 1282 (9th Cir.1986) ("on a motion to dismiss a court may properly look beyond the complaint to matters of public record").

Plaintiff's allegations are disproved by the court records in her criminal case, which show that required process was followed.  These records also support the application of prosecutorial immunity to D.A. Gammick.  On November 17, 2011, plaintiff was charged with the crimes of possession of stolen property and unlawful taking of computer data, both felonies, by way of criminal complaint filed in the Reno Justice Court, Washoe County, Nevada. (Exhibit 1).  University of Nevada Reno Police Department officer James McGuire sworn out an affidavit in support of complaint and warrant of arrest. (Exhibit 2).  The affidavit in support of complaint and warrant of arrest was signed by the Reno Justice of the Peace. (Exhibit 2).  A search warrant issued out of Ventura County based on the probable cause statement of Todd Hourigan, a City of Ventura police officer. (Exhibit 3).

On June 11, 2012, the criminal case was dismissed without prejudice. (Exhibit 4). This shows that plaintiff's case is barred by the statute of limitations.

### C. Applicable Defenses Preclude Claims against District Attorney Gammick.

#### 1. Statute of Limitations

The United States Supreme Court has held that the applicable state statute of limitations for Section 1983 claims is the state limitations period for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985); *Owens v. Okure*, 488 U.S. 235, 249 (1989). See also, *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988). Effective January 1, 2003, California enacted a two-year statute of limitations for personal injury claims. *See* Cal.Civ.Proc.Code § 335.1. It states that the periods prescribed for the commencement of actions is "[w]ithin 2 years [for] ... an action for assault, battery or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."

According to California's two-year statute of limitations, any claims that accrued prior to November 17, 2012, are time barred. Plaintiff alleged that her unlawful arrest occurred and false imprisonment began on November 18, 2011. (#1 ¶31). The criminal case was dismissed on June 11, 2012. (Exhibit D). At the very latest, plaintiff should have brought this action within two years of the dismissal of her criminal case. The case should have been filed prior to June 11, 2014. The civil rights complaint was not filed until November 17, 2014. Therefore, claims against D. A. Gammick are barred by the statute of limitations.

#### 2. Prosecutorial Immunity

The actions attributed to D.A. Gammick squarely fall within the prosecutorial function and are intimately related to the judicial process. Therefore,

D.A. Gammick is protected from liability by absolute immunity. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the United States Supreme Court held that a state prosecutor was entitled to absolute immunity under 42 U.S.C. §1983 from a suit by a former criminal defendant alleging that the prosecutor had knowingly used false testimony and had allowed a defense expert to suppress exculpatory evidence. *Imbler*, 424 U.S. at 427. The Court observed that under American common law, prosecutors were immune from liability for malicious prosecution based on considerations of public policy stemming from the fear that the availability of a potential tort claim arising from any unsuccessful prosecution might deter prosecutors in the independent and vigorous performance of their duties. *Id*. at 423. The Court then concluded that the "same considerations of public policy that underlie the common-law rule" similarly supported absolute immunity for prosecutorial actions under Section 1983. *Id*. at 423 - 425.

  The Court found that qualified immunity would not afford sufficient protection in the context of claims arising from the prosecutorial process. This is because the number and complexity of potential issues that arise in a typical criminal proceeding such as "possible knowledge of a witness' falsehoods, the materiality of evidence not revealed to the defense, the propriety of a closing argument and — ultimately in every case — the likelihood that prosecutorial misconduct so infected a trial as to deny due process" would necessarily "require a virtual retrial of the criminal offense in a new forum, and the resolution of some technical issues by the lay jury." *Id*. at 425 (citations omitted). The result is that the honest prosecutor would face greater difficulty in meeting the standards of qualified immunity than other executive or administrative officials. *Id.*

  Finally, the Court observed that although the rule of absolute immunity leaves "the genuinely wronged defendant without civil redress against a prosecutor

whose malicious or dishonest action deprives him of liberty," providing a prosecutor with lesser, qualified immunity "would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Id*., at 427 - 428.  Moreover, the Court noted that the absence of civil liability for such conduct does not leave the public "powerless to deter misconduct or to punish that which occurs," since prosecutors would remain subject to criminal liability as well as "unique, among officials whose acts could deprive persons of constitutional rights," subject to "professional discipline by an association of his peers." *Id*. at 429.

In *Burns v. Reed*, 500 U.S. 478 (1991), the Court held that a State prosecutor's actions in appearing before a judge and presenting evidence in support of a motion for a search warrant clearly involved the prosecutor's role as advocate for the State, rather than his role as administrator or investigative officer. *Id*. at 491.  These sorts of pretrial court appearances by the prosecutor in support of taking criminal action against a suspect present a substantial likelihood of vexatious litigation that might have an untoward effect on the independence of the prosecutor. *Id*. at 492.  Hence, absolute immunity for this function serves the policy of protecting the judicial process, which underlies much of the Court's decision in *Imbler*. *Id*.  Moreover, as in *Imbler*, the judicial process is available as a check on prosecutorial actions at a probable-cause hearing and such "'safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct.'" *Id*. at 492 (quoting *Butz v. Economou*, 438 U.S. 478, 512 (1978)).

In this case, plaintiff alleged that D.A. Gammick relied on misrepresentations and false evidence in bringing criminal charges and having plaintiff arrested pursuant to a warrant.  Based upon the *Imbler* analysis,

prosecutorial immunity applies to both functions. Moreover, both the arrest warrant issued out of Reno Justice Court and the search warrant issued out of Ventura County were reviewed by the courts, insuring due process.

### III. COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OR IMPROPER VENUE

A complaint may be dismissed due to lack of personal jurisdiction over the defendant. Fed.R.Civ.P. 12(b)(2). In this case, there are no allegations that D.A. Gammick performed any actions within the state of California. There are no allegations that Gammick has sufficient contacts with California to warrant an exercise of general or specific jurisdiction. *See Schwarznegger v. Fred MartinMotor Co.*, 374 F.3d 797 (9th Cir. 2004). It is plaintiff's burden to show that jurisdiction is appropriate when a defendant moves to dismiss a complaint for lack of personal jurisdiction. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990).

Moreover, plaintiff did not bring this action in the proper venue. Fed.R.Civ. P. 12(b)(3); see also 28 U.S.C. § 1391(b). In this case, a substantial part of the events giving rise to the claims occurred in Reno, Nevada. Specifically, all defendants except "three unidentified Venutura County Deputy Sheriffs" reside or do business in Nevada.

In *Zeta-Jones v. Spice House*, 372 F.Supp.2d 568 (C.D. Cal., Western Dist. 2005), the district court recognized that it was proper to first consider the issue of venue because a substantial dispute concerning the proper exercise of personal jurisdiction would be avoided by the recommendation that the interests of justice would best be served by transferring the case to the District of Nevada. *See Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir.2001) ("The district court has this power to transfer venue even if it lacks personal jurisdiction over the

//

defendants."). The United States District Court, District of Nevada is the proper forum for this lawsuit.

## IV. SUPPLEMENTAL JURISDICTION SHOULD BE DECLINED OVER PLAINTIFF'S STATE-LAW CLAIMS

In Count 3, plaintiff alleged that D.A. Gammick conspired to defraud plaintiff. It should be dismissed because there are no viable federal claims against D.A. Gammick due to the application of the statute of limitations and prosecutorial immunity. The Supreme Court has stated that, when federal claims have been resolved prior to trial, in the usual case the balance of factors will weigh toward remanding any remaining pendent state claims to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); see 28 U.S.C. § 1367(c)(3) (the district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction).

## V. CONCLUSION

Based upon the foregoing, District Attorney Gammick respectfully requests that the case be dismissed in its entirety. In the alternative, defendant requests that venue be transferred to the U.S. District Court in the District of Nevada.

Dated: February 3, 2015.

        WASHOE COUNTY
        DISTRICT ATTORNEY'S OFFICE

        By   /s/ Mary Kandaras
           MARY KANDARAS
           Deputy District Attorney
           P.O. Box 11130
           Reno, NV 89520-0027
           (775) 337-5700

        ATTORNEY FOR RICHARD GAMMICK

| | | |
|---|---|---|
| 1 | | **Exhibit Index** |
| 2 | Exhibit 1 | Second Criminal Complaint filed November 17, 2011 |
| 3 | Exhibit 2 | Affidavit in Support of Second Complaint and Warrant of Arrest |
| 4 | | Filed November 17, 2011 |
| 5 | Exhibit 3 | Ventura County Search Warrant issued on November 29, 2011 |
| 6 | Exhibit 4 | Notice of Dismissal filed on June 11, 2012 |

**Exhibit Index**

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action.  I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

Judy Anne Mikovits
140 Acacia Avenue #5
Carlsbad, CA  92008

Dated this 3rd day February, 2015.

                                              /s/ C. Mendoza
                                                C. Mendoza

P:\Civil\MK\LITIGATION\MIKOVITS V. GAMMICK\Mtn To Dismiss Mikovits.Doc