FILED

11 NOV 17 PM 1:51

STEVE TUTTLE
RENO JUSTICE COURT
BY X. Townsend
DEPUTY

IN THE MATTER OF AN APPLICATION

FOR AN ARREST WARRANT

FOR  JUDY MIKOVITS

_____/

AFFIDAVIT IN SUPPORT OF
SECOND COMPLAINT AND WARRANT OF ARREST

STATE OF NEVADA  )
                 )  ss.
COUNTY OF WASHOE )

JAIME MCGUIRE

AFFIANT does hereby swear under information and belief and penalty of perjury that the assertions of this affidavit are true.

1. That your affiant is a Police Officer, with the University of Nevada, Reno Police Department, and in that capacity has become familiar with the criminal investigation and reports compiled in UNRPD case number 11-893; that further, your affiant is informed and believes and thereupon alleges the following to be a sufficient representation of facts to establish probable cause to believe that JUDY MIKOVITS has committed the crime(s) of POSSESSION OF STOLEN PROPERTY, a felony violation of NRS 205.275, and UNLAWFUL TAKING OF COMPUTER DATA, EQUIPMENT, SUPPLIES, OR OTHER COMPUTER-RELATED PROPERTY, a felony violation of 205.4765, which were committed on or about September 30, 2011.

2. That on September 30, 2011, MIKOVITS instructed Max Pfost to illegally enter her former office which has a controlled access system located at the Center for Molecular Medicine, to retrieve research notebooks and other items that were the property of the Whittemore Peterson Institute (hereinafter "WPI"), and are

16
Exhibit 2

protected under patent. MIKOVITS was formerly employed as Director of Translational Research at WPI, and was terminated on September 29, 2011, for misconduct. MIKOVITS had previously signed an "Employee Proprietary Information and Invention Agreement" which legally explained to her that WPI is the sole owner of the subject research information.

    3. Mr. Pfost, who was a research assistant to MIKOVITS, and who is still employed today at WPI, participated in a police interview on November 15, 2011, wherein he relayed many of the relevant facts contained in this Affidavit. Pfost revealed that he subsequently turned over the stolen items to MIKOVITS on October 17, 2011. During the intervening time period MIKOVITS left the area. She returned on October 16th and took possession of the subject items on October 17th. MIKOVITS retained possession of the stolen property and failed to return it to rightful owners. The items taken, include a black Apple laptop, multiple flash drives, approximately 12-24 research notebooks, and miscellaneous correspondence from WPI. The missing property includes trade secrets and information regarding inventions that are patented, or for which a patent application is pending. That MIKOVITS has been asked multiple times to return the missing items to WPI and she has refused to do so. That investigation has revealed that the value of the stolen property greatly exceeds $650.00; that the value of the property stolen is likely to be in the hundreds of thousands of dollars, or more.

4. That based upon the foregoing information, your affiant has probable cause to believe that the aforementioned crimes have been committed by the suspect/defendant named above.

_____

Executed before me this 17th day of November, 2011.

_____
JUSTICE COURT JUDGE